**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSA ELVIRA PENALOZA MERCADO,<br><br>                                    Petitioner,<br><br>      v.<br><br>Director, Otay Mesa Detention Center; Secretary of the Department of Homeland Security; Director of U.S. Immigration and Customs Enforcement,<br><br>                                    Respondents. | Case No.:  26cv1168 DMS SBC<br><br>**ORDER GRANTING PETITION; DENYING EMERGENCY MOTIONS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (Pet., ECF No. 1.)  Petitioner is proceeding pro se and in forma pauperis.  (*See* ECF No. 4.)  Respondents filed a return, (Return, ECF No. 7), and Petitioner filed a reply, (ECF No. 10).  Petitioner also filed an emergency motion for immediate release, (ECF No. 3),  and emergency motion to stay her removal pending resolution of her Petition, (ECF No. 11).  For the following reasons, the Court grants the Petition and denies the emergency motions.

## I.     BACKGROUND

Petitioner is a native and citizen of Mexico.  (Return 2.)  On December 8, 2024, she applied for admission into the United States at a port of entry.  (*Id.*)  However, she did not

possess legal documentation to be in or enter the country and was therefore determined to be inadmissible. (*Id.*) She was subsequently taken into Immigration and Customs Enforcement custody, issued a Notice to Appear ("NTA"), and released on parole. (*Id.*)

On August 21, 2025, Petitioner attended a hearing at the Immigration Court in San Diego, California. (Pet. 2.) At the hearing, the immigration judge ("IJ") dismissed Petitioner's case and advised her that she would be detained and transferred to an immigration detention facility. (*Id.*) Petitioner stated that she wished to appeal. (*Id.*) She was detained immediately after leaving the Immigration Court. (*Id.*) On September 8, 2025, Petitioner appealed to the Board of Immigration Appeals ("BIA") the dismissal of her removal proceedings; the appeal remains pending. (*Id.*) Petitioner is currently mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). (Return 2.)

## II.      LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in her petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.      DISCUSSION

### A. Jurisdiction

Respondents argue that the Court lacks jurisdiction per 8 U.S.C. § 1252(g). (Return 4–5.) The Court has previously considered and rejected this argument. *See Garcia v. Noem*, 803 F. Supp. 3d 1064, 1073–74 (S.D. Cal. 2025); *Medina-Ortiz v. Noem*, No. 25-CV-02819, 2025 WL 4052326, at *2 (S.D. Cal. Oct. 30, 2025). Based on the reasoning of those cases, the Court again rejects this argument.

### B. Entitlement to Due Process Protections

Respondents argue that Petitioner does not have a "due process right to release or a bond hearing after being detained for a certain period of time." (Return 7 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)).) However, this Court "agrees

with those district courts that interpret *Thuraissigiam* as circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*." *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1093 (S.D. Cal. 2025) (emphases in original); *Aviles-Mena v. Kaiser*, No. 25-cv-06783, 2025 WL 2578215, at *4 (N.D. Cal. Sept. 5, 2025). Further, it is a "'well established' rule 'that the Fifth Amendment entitles aliens to due process of law.'" *Aviles-Mena*, 2025 WL 2578215, at *4 (quoting *Trump v. J. G. G.*, 145 S. Ct. 1003, 1006 (2025)).

### C. Merits—Fifth Amendment

The Court finds that Petitioner's detention violates the Fifth Amendment "by moving to dismiss [her] [removal] proceedings, revoking [her] parole, and arresting [her] pursuant to § 1225, without providing [her] notice or an opportunity to be heard." *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 414 (S.D.N.Y. 2025).

When determining whether Petitioner's procedural due process rights have been violated, the Court must consider:

> three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, Petitioner "invokes the most significant liberty interest there is—the interest in being free from imprisonment." *Munoz Materano*, 804 F. Supp. 3d at 416 (citation modified) (citation omitted). Here, Petitioner was paroled prior to the dismissal of her removal proceedings and re-detention. Thus, Petitioner undeniably had a liberty interest. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) (finding the petitioner "has a private interest in remaining free, which developed over the year he resided in the United States"). Therefore, the Court finds this factor weighs in favor of Petitioner.

Next, there is a high risk of erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025) (citing cases). Here, the record remains unclear "exactly when, or how, a revocation was effected," or whether Respondents actually revoked Petitioner's parole prior to the dismissal of her removal proceedings. *See Munoz Materano v. Arteta*, 804 F. Supp. 3d at 418. It does not appear Respondents formally revoked Petitioner's parole prior to the dismissal of her removal proceedings. To the extent Respondents want to argue that dismissal of Petitioner's removal proceedings operates as a proper termination or revocation of parole, such that Respondents could detain Petitioner without providing her notice or an opportunity to be heard, the Court disagrees. First, Petitioner appealed to the BIA the dismissal of her removal proceedings, which means she remains in those removal proceedings while her appeal is pending. *Munoz Materano v. Arteta*, 804 F. Supp. 3d at 409. Thus, the dismissal of her removal proceedings cannot revoke her parole. Assuming Petitioner did not appeal the dismissal, there is no indication that, prior to dismissing her removal proceedings, Petitioner was notified that Respondents planned to initiate new removal proceedings and mandatorily detain. The IJ warned Petitioner of her impending re-detention *after* dismissing her case and after Petitioner said she wanted to appeal. (Pet. 2.) Additionally, there is no indication that Petitioner had adequate opportunity to contest the dismissal of her removal proceedings. In fact, Respondents do not acknowledge Petitioner's allegations that her original removal proceedings were dismissed. Respondents also state that "because Petitioner's removal proceedings are pending, and *she has not been granted temporary parole*, section 1225(b)(2) mandates her detention until the proceedings have concluded." (Return 6 (emphasis added).) However, Petitioner *was* paroled. Respondents concede that Petitioner was previously issued an NTA and "released on parole," prior to being "re-detained on August 21, 2025." (*Id.* at 2.) Respondents do not state that Petitioner's parole expired or was formally revoked. Thus, it appears, based on the current record, that Petitioner was re-detained without an individualized assessment, bond hearing, or opportunity to contest

26cv1168 DMS SBC

her detention.  Accordingly, the second factor—the risk of an erroneous deprivation of such interest through the procedures used—also weighs in favor of Petitioner.

On the third factor, "[t]he government may have a 'strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to protect the public from dangerous criminal aliens, or to prevent flight and thereby increase the chance that the aliens will be successfully removed." *Pablo Sequen v. Kaiser*, 806 F. Supp. 3d 1069, 1090 (N.D. Cal. 2025) (citation modified) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)).  However, when the Government has previously decided to release a noncitizen and there is no evidence in the record of any changed circumstance that might have caused the Government to reconsider its initial decision to release the noncitizen, courts have found the Government's interest in re-detention is low.  *Doe v. Chestnut*, No. 1:25-cv-01372- CDB (HC), 2025 WL 3295154, at *10 (E.D. Cal. Nov. 26, 2025) (citations omitted).  Here, "Respondents do not argue that [Petitioner] is dangerous or a flight risk." *Munoz Materano*, 804 F. Supp. 3d at 420.  And "[w]hile the government has an interest in enforcing immigration laws . . . it must pursue that interest 'in a manner consistent with the Constitution.'" *Id.* (citation omitted).  This factor also weighs in favor of Petitioner.  Thus, applying the *Mathews* balancing test, the Court finds that Petitioner's detention violates her due process rights and **ORDERS** her immediate release.[1]

Because the Court is ordering Petitioner's release, Petitioner's emergency motion for immediate release, (ECF No. 3), is **DENIED** as moot.  Additionally, Petitioner filed an emergency motion for a stay of removal "pending resolution of her habeas corpus petition." (ECF No. 11.)  Because the Court has decided the Petition, this emergency motion for stay of removal is also **DENIED** as moot.  Petitioner alleges in her emergency motion for stay that she is "currently subject to expedited removal following a final credible fear determination."  (ECF No. 11.)  It is unclear whether Petitioner alleges that she has been

---

[1] In light of this determination, the Court declines to consider Petitioner's other claims for relief.

placed into expedited removal proceedings or whether there is now a final order of removal. It is also unclear whether Petitioner wishes to challenge the execution of a final order of removal. The Court declines to take any further action or make additional rulings without more information.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition. Respondents shall release Petitioner within **24 hours**, and shall not re-detain Petitioner without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove that changed circumstances related to flight risk or danger warrant Petitioner's re-detention. Respondents are further **ORDERED** to file a Status Report within **seven (7) days** of the entry of this Order, confirming Petitioner has been released.

Additionally, the Court **DENIES** Petitioner's emergency motions as moot.

**IT IS SO ORDERED.**

Dated:  April 22, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv1168 DMS SBC